IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00626-DSC

| | |
|---|---|
| JUAN PABLO GIRON, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| SQUARE A CONSTRUCTION INC. *et al.* | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**THIS MATTER** is before the Court on "Plaintiff's Motion for Preliminary Certification of a Collective Action, for Disclosure of Contact Information for Potential Opt-In Plaintiffs, and to Distribute Court-Approved Notice Pursuant to 29 U.S.C. 216(B)" (document # 18), as well as the parties' briefs and exhibits, Docs 19–21. Plaintiff seeks conditional certification of a collective action for his Fair Labor Standard Act ("FLSA") claims and authorization to send Court-supervised notice of this action pursuant to Section 216(b).

The Parties have consented to the Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and this Motion is now ripe for consideration.

For the reasons set forth herein, the Motion is denied.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff alleges that he was employed as a commercial truck driver by Defendants from March 23, 2016 to September 22, 2019. He worked between sixty-five to eighty hours per week and was denied time-and-a-half overtime pay for work performed over forty hours per week. Plaintiff was also misclassified as an independent contractor and paid via IRS Form 1099.

During his employment, Plaintiff interacted with fifteen to forty individuals who were also employed by Defendants to assist with construction projects as hourly independent contractors. These employees' job titles included drivers, mechanics, warehouse workers, repairmen, bricklayers, framers, and concrete masons. They have informed Plaintiff that they were also classified as independent contractors and denied time-and-a-half wages for their work performed over forty hours per week.

Plaintiff seeks to bring his FLSA claims on behalf of himself and all other similarly situated "current and former laborers who are hourly, non-exempt employees of [Defendants] within the state of North Carolina." (Complaint ¶ 3).

## II. STANDARD OF REVIEW

The FLSA provides that a plaintiff may maintain a collective action against [his] employer for "unpaid overtime compensation." 29 U.S.C. § 216(b) ("An action … may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."). It further states that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Id.

Courts in the Fourth Circuit conduct a two-step inquiry in deciding whether an FLSA claim may proceed as a collective action. Adams v. Citicorp Credit Servs., 93 F. Supp. 3d 441, 452-53 (M.D.N.C. 2015). First, the court determines whether plaintiff and putative opt-in plaintiffs are "similarly situated" to merit sending notice of the action to the potential members of the class. Id. If they are, additional plaintiffs can "opt-in" to the lawsuit. Id.

The FLSA does not define the term "similarly situated" and neither the Supreme Court nor the Fourth Circuit have addressed the issue. However, district courts in the Fourth Circuit have held that "to be similarly situated for purposes of § 216(b), persons must raise a similar legal issue as to . . . nonpayment or minimum wages or overtime arising from at least a *manageably similar factual setting* with respect to their job requirements and pay provisions, but their situations need not be identical." Rosinbaum v. Flowers Foods, Inc., 238 F. Supp. 3d 738, 743 (E.D.N.C. 2017) (quotations omitted) (emphasis added); see also Yerger v. Liberty Mutual Group, Inc., 2011 WL 5593151, at *4 (E.D.N.C. 2011) ("In assessing conditional certification, courts examine a variety of factors, including the factual and employment settings of the individual [] plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, [and] the degree of fairness and procedural impact of certifying the action as a collective action."). To meet this burden and demonstrate that a potential class of similarly situated members exists, "plaintiffs generally need only make a relatively modest factual showing that [] a common policy, scheme, or plan exists." Mitchel v. Crosby Corp., 2012 WL 4005535, at *2 (D. Md. 2012). But "[p]laintiffs must set forth more than vague allegations with meager factual support." Adams, 93 F. Supp. 3d at 453.

The second step of collective certification usually occurs after discovery has largely been completed and allows a court to make the final determination "of whether all plaintiffs are sufficiently similarly situated to proceed together in a single action." Id. at 452–453.

## III. DISCUSSION

Plaintiff has set forth only vague allegations with meager factual support that the putative class members are similarly situated. While some Fourth Circuit courts hold that a plaintiff need only show that "a common policy, scheme, or plan [that violated the law] exists," in practice, conditional FLSA class certification is only granted when the plaintiff provides at least minimal evidence that the proposed class also has manageably similar job duties. See Edwards v. Optima Health Plan, 2021 WL 1174724 (E.D.Va. 2021) (granting conditional class certification to the putative class of "Care Management Employees" who preform duties such as data collection, data entry, and utilization management); Mondragon v. Scott Farm, Inc., 2019 WL 489117, at *7 (E.D.N.C. 2019) (granting conditional class certification of agricultural laborers on a sweet potato farm because the employees' "working conditions … present a manageably similar factual situation"); but see Purdham v. Fairfax County Pub. Schs., 629 F.Supp. 2d 544 (E.D.Va. 2009) (denying conditional class certification when the proposed class consisted of employees including security personnel, athletic coaches, after-school monitors, and ticket-collectors). Here, Plaintiff has not established "at least a manageably similar factual setting with respect to [putative collective members'] job requirements [or] pay provisions." See Rosinbaum, 238 F. Supp. 3d at 743. Plaintiff has failed to meet his burden and demonstrate that he and potential opt-in plaintiffs are similarly situated.

## IV. ORDER

**THEREFORE IT IS HEREBY ORDERED** that:

1. "Plaintiff's Motion to Conditionally Certify a Collective Action, for Disclosure of Contract Information for Potential Opt-In Plaintiffs, and to Distribute Court-Approved Notice Pursuant to 29 U.S.C. 216(B)" is **DENIED**.

2. The Clerk is directed to send copies of this Memorandum and Order to the parties' counsel.

**SO ORDERED.**

Signed: June 17, 2021

David S. Cayer
United States Magistrate Judge