# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# FILE NO: 3:20-CV-00626-DSC

| | |
|---|---|
| JUAN PABLO GIRON, <br><br> Plaintiff, <br><br> v. <br><br> SQUARE A CONSTRUCTION, INC., ANGEL ROMO, AND ARNULFO SANCHEZ, <br><br> Defendants. | **PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF INDIVIDUAL SETTLEMENT** |

Plaintiff Juan Pablo Giron ("Plaintiff"), Defendant Square A Construction Inc. ("Square A") and Defendant Arnulfo Sanchez ("Sanchez") have reached a settlement of Plaintiff's individual claims against Defendant Square A and Defendant Sanchez (collectively "Settlement Defendants")[1]. Accordingly, Plaintiff, by and through undersigned counsel, respectfully moves this Court to enter the [Proposed] Order, which is attached hereto as Exhibit A, hereby approving the Settlement Agreement entered into between Plaintiff and the Settlement Defendants (collectively "the Parties"), which is attached hereto as Exhibit B.

In support of this motion, Plaintiff states the following:

## PROCEDURAL HISTORY

1. On November 9, 2020, Plaintiff filed a Complaint against the Settlement Defendants and Defendant Angel Romo (collectively "Defendants"), asserting claims on behalf of himself and on behalf of all similarly-situated employees of Defendants. [D.E. 1]

---

[1] Defendant Angel Romo did not respond to repeated requests to participate in the mediation and is therefore not a party to the Settlement Agreement.

a. Plaintiff asserted individual claims pursuant to the Fair Labor Standards Act ("FLSA") and the North Carolina Wage & Hour Act ("NCWHA") for misclassification as an independent contractor and failure to receive overtime pay for hours worked in excess of forty per week; the North Carolina Retaliatory Employment Discrimination Act ("REDA") and Wrongful Termination in Violation of North Carolina's Public Policy for retaliatory termination due to complaining of his misclassification and failure to receive overtime pay; and Unjust Enrichment for non-gratuitously paying Square A's portion of Social Security and Medicare taxes.

b. Plaintiff also asserted class and collective claims under FLSA and the NCWHA on behalf of other similarly-situated current and former employees of Defendants who were misclassified as independent contractors and/or did not receive overtime pay for hours worked in excess of forty per week.

2. Defendants filed an Answer to the Complaint on March 15, 2021. [D.E. 12]

3. On May 17, 2021, Plaintiff moved for preliminary certification of the FLSA collective actions. [D.E. 18]

4. Defendants submitted a response in opposition to Plaintiff's motion for preliminary certification on June 1, 2021 [D.E. 20], to which Plaintiff filed a reply on June 8, 2021 [D.E. 21].

5. The Court denied Plaintiff's motion for preliminary certification of the collective actions on June 17, 2021. [D.E. 23]

6. An extended dispute ensued between the parties, which resulted in Plaintiff's submission of several motions to compel discovery responses from Defendants and, ultimately, in the withdrawal of Defendants' Counsel.

2

a. Plaintiff filed a Motion to Compel discovery responses from Defendant Square A on November 1, 2021 [D.E. 24], which was granted and denied in part on November 24, 2021 [D.E. 29].

b. Defendants' Counsel submitted a Motion to Withdraw on February 24, 2022 [D.E. 35], which was granted on February 28, 2022 [D.E. 37]. Defendants' counsel requested withdrawal due to Defendants' refusal to communicate with their counsel and comply with requests for discovery.

c. Plaintiff filed a Motion to Compel discovery responses from Defendants Sanchez and Romo on March 20, 2022 [D.E. 39], which was granted by this Court on April 18, 2022 [D.E. 41].

7. Following the withdrawal of Defendants' Counsel, none of the Defendants was able to secure replacement counsel within the specified time period ordered by this Court.

8. Accordingly, Plaintiff filed a Motion for Entry of Default against Defendant Square A on April 19, 2022 [D.E. 42], which was granted via a text-only Order on May 5, 2022.

9. Thereafter, Defendants Romo and Sanchez failed to meaningfully appear for their depositions, which were scheduled for April 21, 2022 and April 26, 2022, respectively.

10. Without the active participation of Defendants in discovery, Plaintiff was unable to take adequate discovery regarding the existence, scope, size, or membership of an NCWHA class. Plaintiff has not filed a Motion for Class Certification, and no class has been certified in this matter to date.

11. Defendants Sanchez and Romo subsequently conveyed to Plaintiff's Counsel that they were unable to secure replacement counsel and expressed interest in resolving this matter through mediation.

12. On July 27, 2022, Plaintiff and the Settlement Defendants engaged in mediation with an experienced mediator and were assisted by an interpreter that is fluent in both English and Spanish.

13. The Settlement Agreement attached to this Motion as Exhibit B was fully executed by Plaintiff and the Settlement Defendants on July 18, 2022.

## REQUEST FOR SETTLEMENT APPROVAL

Plaintiff acknowledges that his motion for preliminarily certification of the FLSA collective actions was denied, he has not filed any motion for class certification, and thus only his individual claims against Defendants are properly before the Court. Given that there is no certified class or collective, Plaintiff understands that the requirements of Rule 23(e) of the Federal Rules of Procedure would not apply to the settlement reached in this matter. *See Sites v. Portfolio Recovery Assocs., LLC*, Civil Action No. 2:20-cv-00704, 2021 U.S. Dist. LEXIS 157279, at *1-2 (S.D. W. Va. Aug. 20, 2021) (finding that the parties' stipulation of dismissal with prejudice was "not subject to the requirements of Rule 23(e) since no class had been certified or proposed to be certified for the purposes of settlement"); *see also* Fed. R. Civ. P. 23(e) (stating that court approval is required for the settlement, dismissal, or compromise of "claims, issues, or defenses of a *certified* class—or a *class proposed to be certified for purposes of settlement*") (emphasis added).

Out of an abundance of caution, however, Plaintiff seeks this Court's approval of the Settlement Agreement reached by Plaintiff and the Settlement Defendants. *See Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1314 (4th Cir. 1978) (finding that even though the particular formalities of Rule 23 were inapplicable where there is a voluntary pre-certification settlement, the court must consider potential collusion among the parties and prejudice to putative class before approving the settlement). The parties have not engaged in any collusion, and putative class or collective action

members will not be prejudiced by the settlement of Plaintiff's individual claims given that this Court denied preliminary certification of the FLSA collective actions.

WHEREFORE, Plaintiff respectfully requests that this Court enter the [Proposed] Order attached to this Motion as Exhibit A, thus approving the Settlement Agreement reached by Plaintiff, Defendant Square A, and Defendant Sanchez, attached to this motion as Exhibit B. The Proposed Order includes a stipulated voluntary dismissal with prejudice of Plaintiff's individual claims against the Settlement Defendants. Upon entry of an Order approving the Settlement Agreement by this Court, Plaintiff will also submit a stipulated voluntary dismissal without prejudice of his individual claims against the Defendant Romo.

Submitted this 29 day of July, 2022.

**THE NOBLE LAW FIRM, PLLC**

*/s/ Kathryn F. Abernethy*
Kathryn F. Abernethy, Esq. (N.C. State Bar No. 43933)
Heather M. Helmendach, Esq. (N.C. State Bar No. 57922)
141 Providence Road, Suite 210
Chapel Hill, NC 27514
Office: (919) 251-6008
Fax: (919)-869-2079
Kabernethy@thenoblelaw.com
hhelmendach@thenoblelaw.com
*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing document was filed with the Court's electronic court filing system and a copy of the same was sent via electronic mail and certified U.S. Mail to the following:

Angel Romo
8525 Viola Drive
Charlotte, NC  28215
angel@squarea.com

Arnulfo Sanchez
5601 Molly's Place
Charlotte, NC  28219
arnold@squarea.com

This the 29th day of July, 2022.

**THE NOBLE LAW FIRM, PLLC**

*/s/ Kathryn F. Abernethy*
Kathryn F. Abernethy, Esq.